# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| JOHNNY STINSON, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | CASE NO. 4:07-CV-97 (CDL) |
| | * | |
| WARDEN, CALHOUN STATE | * | 28 U.S.C. § 2254 |
| PRISON, | * | Habeas Corpus Petition |
| | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

On retrial on October 30, 2001, Petitioner Stinson was found guilty in the Muscogee County Superior Court of felony murder[1]. (R-15, Exh. 6). Petitioner was sentenced to serve life in prison. *Id.* Thereafter, Petitioner filed a direct appeal of his conviction with the Georgia Court of Appeals. On March 28, 2005, the Supreme Court of Georgia affirmed Petitioner's conviction. *See Stinson v. State*, 279 Ga. 177 (2005).

On August 19, 2005, Petitioner filed a state habeas petition which was ultimately denied on September 1, 2006. (R-15, Ex. 1, 3). Petitioner's Application for Probable Cause to Appeal was thereafter denied by the Georgia Supreme Court May 14, 2007.(R-15, Ex.4). On June 4, 2007, the Petitioner filed the current federal habeas petition, pursuant to 28 U.S.C. § 2254. Respondent filed his Answer-Response on August 27, 2007. (R-13).

---

[1] Petitioner was originally indicted and tried for malice murder, felony murder and possession of a firearm in the commission of a crime. Petitioner was convicted of felony murder which was overturned on appeal and re-tried.. *See Stinson v. State*, 273 Ga. 519 (2001).

## Standard of Review

As amended April 24, 1996, by the Anti-terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254 presently provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that
> (A) the claim relies on –
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.

In *Williams v. Taylor,* 529 U. S. 362, 120 S. Ct. 1495 (2000), the United States Supreme Court set forth the present standard of review for claims adjudicated on the merits in state courts as established by the AEDPA in regard to state prisoner's applications for a writ of habeas corpus in the federal district courts, stating:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that
> (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or
> (2) "involved an unreasonable application of . . . clearly established Federal Law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court but unreasonably applies that principle to the facts of the prisoner's case.

*Williams,* 120 S. Ct. at 1523. Justice O'Connor, writing for the majority of the Court, added that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521. In that regard, Justice O'Connor also concluded:

> Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 1522.

## Petitioner's Claims

Petitioner's application for a federal writ of habeas corpus cites three grounds for

3

relief and his Brief in Support of Supplemental Application for Habeas Corpus cites two additional grounds for relief. Specifically, Petitioner contends that: the trial court erred in determining that the evidence against him was constitutionally sufficient to find him guilty of felony murder; the trial court erred in determining that the indictment put Petitioner on proper notice of the felony murder charge against him; the trial court erred in determining that Petitioner had effective assistance of counsel during his appeal; the trial court erred in not finding that his second conviction was void due to "double jeopardy resulting from an acquittal in his first trial"; and finally, that the state habeas court erred in failing to afford Petitioner an evidentiary hearing. (R-1, R-11).

## I. Sufficiency of the Evidence

In **Ground One**, the Petitioner contends that the evidence presented at his trial was constitutionally insufficient to support the jury's findings of guilt as to the charge of felony murder. (R- 1-1, p.5). The Petitioner specifically argues that when viewed in a light most favorable to the verdict, the evidence was constitutionally insufficient to enable a trier of fact to find him guilty of felony murder beyond a reasonable doubt. *Id.*

This claim was raised by Petitioner in his direct appeal to the Georgia Court of Appeals where it was decided against him. *See, Stinson v. State*, 279 Ga. 177-178. The state court, in finding that Petitioner's convictions were not obtained contrary to, or in violation of, clearly established law, relied on *Jackson v. Virginia*, 443 U.S. 307 (1979), to determine whether the trial court had erred. The Appellate Court, viewing the evidence in a light most favorable to the verdict, found that sufficient evidence supported the conviction and clearly

4

articulated such evidence.

There is nothing in the record to suggest that the decision by the Georgia appellate court resulted in a decision contrary to established federal law or was based on an unreasonable determination of the facts. Furthermore, this Court is without authority to disturb the findings of a state court decision which is based on "independent and adequate state procedural grounds." *See, Coleman v. Thompson*, 501 U.S. 722 (1991). As such, Petitioner's claim has no merit.

## II.     Indictment Error

In **Ground Two**, Petitioner contends that the indictment used to charge him lacked the essential elements of the offense of felony murder. (R-1, p. 5). As in the previous Ground, Petitioner raised this claim in his direct appeal to the Georgia Supreme Court. A review of the record and the relevant law shows that the Court's adjudication resulted in a decision that was not contrary to the referenced, clearly established Federal law on this issue. The indictment in Petitioner's case clearly informed him that he was charged with felony murder at the date and place stated. His substantive right, first, to be definitely informed of the charge against him so that he might be enabled to present his defense and not be taken by surprise by evidence offered at trial, and, secondly, to be protected against multiple prosecutions for the same offense, were fully observed. The Court's adjudication to that effect cannot be found to have involved an unreasonable application of that clearly established federal law. Therefore, pursuant to *Williams v. Taylor,* 120 S. Ct. at 1523 (2000), it is therefore recommended that Petitioner's claim in Ground Two be denied.

## III. Ineffective Assistance of Appellate Counsel

In **Ground Three**, Petitioner also contends that he was afforded ineffective assistance of counsel by his appellate attorney. (R- 1, p. 5). Specifically, Petitioner argues that his appellate attorneys failed to raise on appeal the issues of whether trial counsel: conducted a proper investigation into the charges against him; failed to ensure his presence at all critical stages of the trial; failed to file timely pretrial motions; failed to challenge the chain of custody of the weapon; failed to object to photos of the victim; failed to challenge claims of prosecutorial misconduct; failed to object to the fatal variance in the indictment; and failed to raise objections to the court's erroneous jury instructions regarding aggravated assault. (R-11, p. 15-17).

In analyzing Petitioner's ineffective assistance of appellate counsel claims as argued in his state habeas petition, the state habeas Court utilized the standards set out in *Smith v. Frances,* 253 Ga. 782, 325 S.E.2d 362 (1985), and *Battles v. Chapman*, 269 Ga. 702, 506 S.E.2d 838 (1998), which directly apply the standard as found in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). *Strickland* held that with regard to trial counsel, a successful claim of ineffective assistance of counsel requires a showing that (1) the attorney's conduct fell below an objective standard of reasonableness, and (2) the attorney's deficient conduct actually prejudiced the Defendant's case. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In *Woodford v. Visciotti,* 537 U.S. 19, 24, 25, 123 S.Ct. 357, 360, 361 (2002) the United States Supreme Court held, "Under § 2254(d)'s 'unreasonable application' clause a federal habeas court may not issue the writ simply

because that court concludes in its independent judgment that the state-court decision applied *Strickland* incorrectly. See *Bell v. Cone,* 535 U.S. 685, 698-699, 122 S.Ct. 1843 (2002); *Williams v. Taylor,* 529 U.S. 362, 411, 120 S.Ct. 1495 (2000). Rather it is the habeas applicant's burden to show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner. An '*unreasonable* application of federal law is different from an *incorrect* application of federal law.' *Williams, supra,* at 410, 120 S.Ct. 1495; see *Bell, supra,* at 694, 122 S.Ct. 1843.

The United States Supreme Court has held that a right to effective assistance of *appellate* counsel, which is analogous to the right of effective assistance of *trial* counsel, attaches as of right and is limited to his first appeal. *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *citing, Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). The Supreme Court, to that point in time, had never specifically stated that the *Strickland* standard applied in the appellate context, nor had it defined the definitive standards for determining claims of ineffective assistance of counsel as applied to an attorney representing a Defendant on appeal. *Id.* at 392. Then, in 1987, in *Burger v. Kemp,* where the ineffective assistance of appellate counsel issue was raised and dealt with an attorney's alleged conflict of interest, the Supreme Court based its decision on the *Strickland* standard to find that there was no ineffective assistance of counsel by the Petitioner's appellate counsel. *See, Burger v. Kemp*, 483 U.S. 776, 107 S.Ct. 3114 (1987). Specifically, the Court stated that the appellate attorney's decision "was supported by reasonable professional judgment, and thus met the standard set forth in *Strickland v. Washington*." *Id.* at 3117.

As stated, *supra*, *Williams v. Taylor* sets out the standard utilized by this court in ruling on federal habeas petitions. The *Williams* standard denies this court the authority to give relief to a petitioner in his habeas petition unless the state court's ruling on the constitutional claim is either contrary to, or an unreasonable application of, clearly established legal precedent as decided by the United States Supreme Court, or is an unreasonable finding based on the facts of the case. *See also, Early v. Packer*, 537 U.S. 3, 7 (2002). The burden of showing that the state habeas court unreasonably applied *Strickland* to the facts of his case rests with the Petitioner. *Williams* at 410.

In the current case, Petitioner has not carried his burden of rebutting the presumption of correctness as to the determination of the factual issues regarding his claims of ineffective assistance of appellate counsel. The record reveals that the Calhoun County Superior Court found that the evidence presented against Petitioner at trial was substantial. (R- 11, p.26-30). Thus, the court found that Petitioner's claims failed the standard as set out in *Strickland*. A review of that decision fails to show that Petitioner has established that the state habeas court unreasonably applied the *Strickland* test. Furthermore, the Petitioner's contentions fail to show that the state habeas court's findings were contrary to or involved an unreasonable application of clearly established federal law, as found in *Williams v. Taylor.* Thus, it is recommended that Petitioner is not entitled to relief on his claim of ineffective assistance of counsel in Ground Three.

**IV.    Double Jeopardy**

In **Ground Four,** Petitioner contends that his conviction is void where double jeopardy resulted from the acquittal he received in his first trial. Respondent argues that this Ground Four presents a new claim, and that it is, therefore, procedurally defaulted.

The Eleventh Circuit Court of Appeals has held that "[P]rocedural default can arise in two ways. First, where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that petitioner's federal claims are barred, *Sykes* requires the federal court to respect the state court's decision." *Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999); *Atkins v. Singletary*, 965 F.2d 952, 956 (11th Cir. 1992), cert. Denied, 515 U.S. 1165, 115 S.Ct. 2624, 132 L.E.2d 865 (1195); *Meager v. Dugger*, 861 F.2d 1242, 1245 (11th Cir. 1988). "Second, if the petitioner simply never raised the claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal." *Bailey* at 1303; *Snowden v. Singletary*, 135 F.3d 732, 737 (11th Cir. 1998), cert. denied.

As to Ground Four, the record reveals that Petitioner did not raise the claims alleged at any time prior to his federal habeas petition. The Eleventh Circuit, in ruling on this issue, held that:

> The Georgia statute restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court, unless there is some indication that a state court judge would find the claims in question "could not reasonably have been raised in the original or amended [state

9

> habeas] petition." See Ga.Code Ann. § 9-14-51. In this case there is no such indication, therefore, we conclude that a state habeas court would hold Chambers' claims to be procedurally defaulted and not decide them on the merits, because they were not presented in his initial state habeas petition. It follows that those claims are procedurally barred from review in this federal habeas proceeding and exhausted.

*Chambers v. Thompson*, 150 F.3d 1324, 1327 (11th Cir. 1998).

Inasmuch as the Petitioner's claim of double jeopardy is legally barred in the State court for not having been timely raised there, it is, by the foregoing federal authority, likewise barred from consideration in this court. Relevant to the issue of whether this court has the authority to review these issues, the Official Code of Georgia, in Section 9-14-51, states that:

> All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

Furthermore, a federal court is barred from a review of a state prisoner's federal claims where there is a failure to comply with an independent and adequate state procedural rule, unless the prisoner can show either 1) cause for the default and actual prejudice growing out to the alleged violation of federal law, or 2) a resulting fundamental miscarriage of justice if the federal court does not consider the claims. *Coleman v. Thompson,* 501 U.S. 722, 111

S.Ct. 2546, 2565 (1991); *Aldridge v. Dugger,* 925 F.2d 1320, 1327 (11th Cir. 1991). A fundamental miscarriage of justice has occurred when a court finds that a constitutional violation has probably resulted in the conviction of an innocent person. *Murray v. Carrier,* 106 S.Ct. 2639, 2649 (1986).

The "cause" excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct. *Murray v. Carrier,* 477 U.S. 478., 488, 106 S.Ct. 2639, 2645 (1986); *McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 1472 (1991).

To meet the "prejudice" prong required, a federal habeas petitioner generally must show that a cause or circumstance beyond his control worked to his actual and substantial disadvantage, infecting his entire trial with error or constitutional dimensions. *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 1596 (1982).

Likewise, a pro se petitioner is not exempt from the cause and prejudice requirement of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497 (1977). A mere possibility of actual prejudice resulting from an error at trial will not waive the procedural bar where other substantial evidence of guilt is present. *Sykes,* 433 U.S. at 91, 97 S.Ct. at 2508. A petitioner's "failure to act or think like a lawyer cannot be cause for failing to assert a claim" since he has no constitutional right to counsel during habeas corpus proceedings. *Harmon v. Barton,* 894 f.2d 1268, 1275 (11th Cir. 1990) (quoting *Smith v. Newsome,* 876 F.2d 1461, 1465 (11th Cir. 1989)). *See McCoy v. Newsome,* 953 F.2d 1252 (1992).

11

After reviewing the record, it appears the issues raised in Ground Four of his current federal habeas petition was never previously raised in any state court by the Petitioner. He failed to raise the issue in his direct appeal or even his state habeas petition, rendering them procedurally defaulted pursuant to the foregoing authority. Furthermore, Petitioner has failed to show legally adequate cause as to why he failed to raise the issue prior to filing this Petition. Therefore, Petitioner's claim in Ground Four is procedurally defaulted and he is not entitled to relief on said claim.

## V.    State Habeas Court Error

In **Count Five**, Petitioner alleges that the state habeas court erred in failing to afford him a full and fair evidentiary hearing. (R-11, p. 30). Specifically, he alleges that the state habeas judge failed to allow him to thoroughly examine his attorney and to pursue his claims. *Id.*

In ruling on a similar issue raised by a federal habeas petitioner, the Eleventh Circuit Court of Appeals held that errors raised by a petitioner which do not involve the reason for his confinement are not cognizable in federal habeas corpus petitions. *Quince v. Crosby*, 360 F.3d 1259, 1261 (11th Cir. 2004). Specifically, the court reasoned:

> In *Spradley v. Dugger,* we held that where a petitioner's claim goes to issues unrelated to the cause of petitioner's detention, that claim does not state a basis for habeas relief. 825 F.2d 1566, 1568 (11th Cir.1987) (involving claims as to errors at a hearing on a petitioner's 3.850 motion); *see also Nichols v. Scott,* 69 F.3d 1255, 1275 (5th Cir.1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in

respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself."); *Franzen v. Brinkman,* 877 F.2d 26, 26 (9th Cir.1989) (agreeing with the majority view and holding that "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings"). Therefore, while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief. *See Spradley,* 825 F.2d at 1568.

Because the Petitioner is not challenging his conviction *per se*, but is challenging an error he contends the state habeas judge made in denying him the relief he sought, it is an attack on a proceeding merely collateral to his conviction. Thus, Count Five, Petitioner's claim that the state habeas judge committed error in denying him habeas relief, is not cognizable in this court under 28 U.S.C. § 2254. The Petitioner is not entitled to relief on this claim.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 28th day of September, 2007.

S/ G. MALLON FAIRCLOTH
eSw                    UNITED STATES MAGISTRATE JUDGE